UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSE A. SOLEDAD, § § **Plaintiff,** § § v. § § JOHN F. KELLY, SECRETARY, § U.S. DEPARTMENT OF § HOMELAND SECURITY, § § **Defendant.** § | CIVIL ACTION NO.3:17-cv-00276 |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES, Jose A. Soledad, ("Plaintniff" or "Soledad") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of John F. Kelly, Secretary, U.S. Department Of Homeland Security (hereinafter referred to as "Defendant", "the Agency" or "U.S. Customs and Border Protection"), and in support thereof respectfully shows the Court the following:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

1

2.      Plaintiff is a citizen of the United States and a resident of El Paso County, Texas. Plaintiff has been subjected to unlawful employment practices committed within El Paso County, Texas.  Defendant U.S. Customs and Border Protection is a federal agency who operates in El Paso County and therefore, venue is proper in El Paso County, Texas per 28 U.S.C. §1391(c).

3.      Defendant, John F. Kelly, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "U.S. Customs and Border Protection"), at all relevant times, Defendant has continuously been a Federal Agency of the United States.  Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary John F. Kelly, Department of Homeland Security, Washington, D.C. 20528.

## II.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.      Plaintiff filed a formal complaint of discrimination.  Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the 1964 Civil Rights Act (Title VII), the Americans with Disabilities Act as amended (ADAAA), the Age Discrimination in Employment Act of 1967 (ADEA) and the Rehabilitation Act, as amended, 29 U.S.C. 791, Sections 501 et seq.  More

specifically, Plaintiff, Jose A. Soledad alleges that he was discriminated against because of his age (DOB: May 22, 1954), and his physical disabilities (right knee and lower back), retaliation (Prior EEO activity).

5. On December 4, 2013, Plaintiff initiated contact with an Equal Employment Opportunity (EEO) Counselor. On January 21, 2014 CBP notified Plaintiff of the conclusion of EEO counseling and Plaintiff's right to file a formal complaint. On January 28, 2014 Plaintiff filed the formal complaint at issue. On December 19, 2014, CBP forwarded Plaintiff a copy of the Investigative File, providing Plaintiff with notice of Plaintiff's right to request a hearing before an EEOC Administrative Judge (AJ) or, alternatively, to receive a Final Agency Decision (FAD). On January 17, 2015, Plaintiff filed a request for FAD. On January 27, 2015, CRCL received CBP's request for FAD. Notice in that Final Decision stated that Plaintiff had 90 days to file a civil action to appeal this decision. Pursuant to 42 USCS § 2000e-16(c), Plaintiff has filed this complaint and appeal to the award within 90 days of the Final Decision on Compensatory Damages and Attorney's Fees. Plaintiff timely seeks review of the disposition of his administrative complaint and requests relief denied in the Final Decision on Compensatory Damages and Attorney's Fees by CRCL.

### III.

### FACTUAL BACKGROUND

6. This is a discrimination case filed by Soledad. Soledad was denied annual leave requests, denied restoring use of lose annual leave and denied paying Foreign Language Award Pay (FLAP).

7. Soledad is a Supervisory CBP Officer, GS-1895-13 assigned to the Fabens Port of Entry (POE), Fabens, Texas. In 2005 Plaintiff filed an EEO Complaint.

8. On or about November 18, 2013, the Port Director (PD) Donna Sifford harassed Plaintiff by asking for medical documentation related to his workplace injuries that Plaintiff had already provided, and told him to resign or he would be fired, in a harassing manor.

9. On or about December 2, 2013, the Assistant Port Director (APD) Marianne Torres gave Plaintiff a low performance appraisal lowest a rating a supervisor could receive. Soledad contacted Sifford to inquire about his low rating she told him she would not change his rating and asked Plaintiff when he was going to retire.

10. On or about December 3, 2013, Plaintiff requested use or lose leave request for December 5, 2013 to January 11, 2014. On December 3, 2013 PD Sifford denied his requests, no reason was given for his denial.

11. On or about December 8, 2013 the PD denied Plaintiff's Foreign Language Award Pay (FLAP). Subsequently when Plaintiff asked about FLAP, PD Sifford stated in a unprofessional loud and rude voice, "if I have to repeat that you are not getting FLAP, I'm going to write you up" Plaintiff felt belittled in front of his colleagues, this was witnessed by Stephanie Carrillo, CBP Officer, GS-1895-12, Fabens, Texas.

12. On or about January 23, 2014 and March 11, 2014 Plaintiff received conflicting Options Letters which instructed him to choose between resignation, demotion or other choices adverse to his employment.

13. Upon information and belief, Soledad was treated differently because of his age, disability and retaliation. He was denied was denied annual leave requests, denied restoring use of lose annual leave and denied paying Foreign Language Award Pay (FLAP) for discriminatory

4

reasons.

## IV.

## **CLAIMS**

### B. Age Discrimination

14.     Soledad incorporates by reference all of the allegations set forth in paragraphs 1 through 13 above.

15.     Soledad will show that U.S. Customs and Border Protection aforementioned conduct violates, Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*, as amended ("ADEA"). U.S. Customs and Border Protection was denied annual leave requests, denied restoring use of lose annual leave and denied paying Foreign Language Award Pay (FLAP) because of his age.

16.     As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Soledad has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court. Soledad will show that U.S. Customs and Border Protection conduct as alleged herein was intentional and U.S. Customs and Border Protection acted with reckless indifference to Soledad's protected rights entitling Soledad to compensatory damages.

### C. Disability Discrimination

17.     Soledad incorporates by reference all of the allegations set forth in paragraphs 1 through 13 above.

18.     Soledad will show that U.S. Customs and Border Protection aforementioned conduct violates the Americans with Disabilities Act, 42 U.S.C. §§ 12111 *et seq.* ["ADA"] as amended by the ADA Amendments Act ("ADAAA") Public Law 110-325, and the Rehabilitation Act of 1973, as

amended, Sections 501, et seq.  U.S. Customs and Border Protection denied annual leave requests, denied restoring use of lose annual leave and denied paying Foreign Language Award Pay (FLAP) because of his disability.

19. As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Soledad has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.  Soledad will show that U.S. Customs and Border Protection conduct as alleged herein was intentional and U.S. Customs and Border Protection acted with reckless indifference to Soledad's protected rights entitling Soledad to compensatory damages.

**D. Retaliation**

20. Soledad incorporates by reference all of the allegations set forth in paragraphs 1 through 13 above.

21. Soledad will show that U.S. Customs and Border Protection aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.* the Americans with Disabilities Act as amended (ADAAA), and the Rehabilitation Act, as amended, 29 U.S.C. 791, Sections 501 et seq.

22. As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Soledad has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.  Soledad will show that U.S. Customs and Border Protection conduct as alleged herein was intentional and U.S. Customs and Border Protection acted with reckless indifference to Soledad's protected rights entitling Soledad to compensatory damages.

**E.  Attorneys' Fees and Costs**

23. Soledad incorporates by reference all of the allegations set forth in paragraphs 1 through 23 above.

24. Soledad seeks recovery of his reasonable and necessary attorneys' fees and all costs of court incurred herein.

## V.

## CONDITIONS PRECEDENT

25. Soledad incorporates by reference all of the allegations set forth in paragraphs 1 through 24 above.

26. Soledad would show that all conditions precedent to his lawful recovery herein have been performed or occurred.

## VI.

## DENOVO REVIEW REQUESTED

27. Plaintiff seeks de novo review of his claims and not enforcement of the CRCL's final order.  When a federal agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c). Although the claimant also has the option of appealing the final action to the Equal Employment Opportunity Commission before filing a civil action, 29 C.F.R. § 1614.401(a), that is not required.  *Farrell v. Principi*, 366 F.3d 1066, 1066 (9th Cir. Or. 2004).  Compliance with the administrative procedures set forth in 29 C.F.R. § 1614.504 is not required when the claimant seeks

review of the disposition of his administrative complaint, rather than enforcement of a final action.

29 C.F.R. § 1614.504(a); *See also Farrell*, 366 F.3d at 1066.

## **JURY DEMAND**

28.     Soledad requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing he be provided the following relief:

- (i) Restore use recover FLAP pay, restore sick leave;
- (ii) Front pay and back pay within the jurisdictional limits of the Court;
- (iii) Compensatory damages;
- (iv) Pre-judgment and post-judgment interest at the highest rates allowed by law;
- (v) All reasonable and necessary attorneys' fees incurred as specified herein;
- (vi) All costs of court;
- (vii) Seeks de novo review of his claim; and
- (viii) Such other and further relief, at law or in equity, to which Soledad would show he is justly entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:   */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com

**ATTORNEYS FOR PLAINTIFF**